IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| TASHA KRANK,<br><br>   Plaintiff,<br><br>v.<br><br>STERLING INFOSYSTEMS, INC.,<br><br>   Defendant. | Case No. 3:25-cv-00171<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Tasha Krank, by and through counsel, brings the following Complaint against Defendant Sterling Infosystems, Inc. ("Sterling") for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, arising out of an employment background check report that Defendant published to Plaintiff's potential employer, depicting Plaintiff as an individual listed on the North Carolina Adult Abuse Central Registry.

## INTRODUCTION

1. Defendant falsely reported to Plaintiff's prospective employer that Plaintiff is listed on the North Carolina Adult Abuse Central Registry.

2. Plaintiff has never abused, neglected, or exploited a vulnerable adult, nor misappropriated resident property in a nursing facility in a way that would lead to her being listed on the North Carolina Adult Abuse Central Registry.

3. Plaintiff's prospective employer denied Plaintiff's job application after receiving an employment background check report from Defendant, which included the inaccurate information. Plaintiff still does not have the job, to date.

1

4. Defendant's inaccurate reporting could have easily been avoided had Defendant verified Plaintiff's information against the public records of the North Carolina Adult Abuse Central Registry.

5. Had Defendant performed even a cursory review of the public court records, it would have discovered that Plaintiff is registered as a Nurse Aide I with no substantiated findings of resident abuse, neglect, or misappropriation of resident property in a nursing facility.

## PARTIES

6. Plaintiff is a natural person residing in Gastonia, North Carolina, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

7. Defendant Sterling Infosystems, Inc., is an Ohio corporation doing business throughout the United States, including the State of North Carolina and in this District, and has a principal place of business located at One Concourse Pkwy, NE, Suite 200, Atlanta, GA 30328. The Defendant can be served at its registered mailing address at 176 Mine Lake Ct #100 Raleigh, NC 27615-6417. Defendant is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTS

10. On or about February 5, 2025, Plaintiff applied for employment as a Certified Nursing Assistant with Bayada Healthcare ("Bayada"), located in North Carolina.

11. Plaintiff successfully completed an interview.

12. Shortly thereafter, Bayada extended a job offer to Plaintiff for the position to which she applied.

13. The job offer was conditioned upon Plaintiff passing a background check.

14. Bayada Healthcare contracted with Defendant to conduct background checks, including criminal background checks, on its prospective employees.

15. On or about February 7, 2025, Bayada Healthcare ordered a criminal background check on Plaintiff from Defendant.

16. On or about February 10, 2025, in accordance with its standard procedures, Defendant completed its background check consumer report about Plaintiff and sold the same to Bayada Healthcare.

17. Defendant's consumer report about Plaintiff falsely noted that she is currently listed on the North Carolina Adult Abuse Central Registry, in the consumer report as follows:



18. Plaintiff is not listed on the North Carolina Adult Abuse Central Registry.

19. A cursory review of the North Carolina Adult Abuse Central Registry confirms that Plaintiff is not on that registry.

20. Plaintiff has never committed, been charged with, or been convicted of "Adult Abuse."

21. Indeed, the North Carolina Nurse Aide I Registry confirms that Plaintiff "is listed

4

on the Nurse Aide I Registry with <u>no</u> substantiated finding of resident abuse, resident neglect or misappropriation of resident property in a Nursing Facility" (emphasis in original).

22. Defendant's failure to actually review these public Registries, before reporting that Plaintiff was a registered abuser, was a failure to follow reasonable procedures to assure the maximum possible accuracy of its report.

23. The report also puzzlingly included the name "Tonia Lewis" three times.

24. Plaintiff has never used that name and is not familiar with anyone who uses that name.

25. On or about February 11, 2025, Bayada notified Plaintiff, in person, that her employment application was denied due to Defendant's reporting.

26. On the same day, Plaintiff obtained a copy of the subject consumer report and was shocked upon reviewing the inaccurate information contained within the subject consumer report.

27. Bayada Healthcare informed her that she could still be considered for the position if the subject consumer report is corrected.

28. On or about February 11, 2025, still hoping to secure employment with Bayada and riddled with worry over the far-reaching impacts of the inaccurate information, Plaintiff tried to dispute the inaccurate information with Defendant.

29. Plaintiff tried to dispute via telephone with Defendant but was transferred to voicemail. On or about February 11, 2025, Plaintiff left a voicemail to a representative named Becky, informing Defendant that she wished to dispute the information on her report.

30. Plaintiff did not end up getting the job with Bayada.

31. Plaintiff has suffered significant financial loss due to the denial of her employment opportunity. The position would have paid her meaningful additional income and would have paid

more than her existing employment. The loss of this job has directly impacted her finances and quality of life.

32. The mark was also highly embarrassing. Plaintiff was in shock that someone now believes that she is an abuser. Plaintiff initially felt disbelief that turned into a sense of embarrassment and emotional distress.

33. It was also very confusing and distressing to Plaintiff to see that someone else's name, Tonia Lewis, was listed on the report.

34. Upon information and belief, Defendant mixed or merged Plaintiff's file with that of Tonia Lewis.

35. Plaintiff has experienced substantial emotional distress, including disappointment, anxiety, distress, and humiliation. The wrongful denial of employment has not only caused financial hardship but has also deeply affected her mental and emotional well-being, further exacerbating the difficulties she faces in her personal and professional life.

36. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; loss of time and money trying to correct her background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

**CLAIMS FOR RELIEF**
**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

37. Plaintiff re-alleges and incorporates by reference the allegations set forth in the

preceding paragraphs as if fully stated herein.

38. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of the consumer report it sold about Plaintiff as well as the information it published within the same.

39. Defendant willfully violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

40. Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

i. Determining that Defendant negligently and/or willfully violated the FCRA;

ii. Awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA;

iii. Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and,

iv. Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

//

Respectfully submitted this 11th day of March 2025.

By: */s/ Carlos Randolph Emory*
Carlos Randolph Emory, Bar No. 17161
**The Emory Law Firm, P.C**.
11020 David Taylor Drive, Suite 102
Charlotte, NC 28262
Phone: 704-371-4333
Text Phone: 704-877-0749
Fax: 704-371-3015
E-mail: emorylawecf@gmail.com

*Attorneys for Plaintiff,*
*Tasha Krank*